# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE TOTTEN, ) | 1:09-CV-01044 OWW GSA HC |
| ) | Appeal No. 10-15074 |
| Petitioner, ) | |
| ) | ORDER DECLINING ISSUANCE OF |
| v. ) | CERTIFICATE OF APPEALABILITY |
| ) | |
| J. HARTLEY, Warden, ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SERVE COPY OF ORDER ON NINTH |
| Respondent. ) | CIRCUIT COURT OF APPEALS |
| ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 15, 2009, the undersigned issued an order denying the petition on the merits. Petitioner filed a notice of appeal and the appeal was processed to the Ninth Circuit Court of Appeals. On July 16, 2010, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability.[1]

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court

---

[1] A certificate of appealability was not issued before the appeal was processed in the first instance because none was required under Ninth Circuit precedent at the time. See White v. Lambert, 370 F.3d 1002, 1004 (9th Cir.2004); Rosas v. Nielsen, 428 F.3d 1229, 1231-32 (9th Cir.2005) (per curiam) (no requirement for prisoners to obtain certificate of appealability to review denial of habeas petition challenging administrative decision).

of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

**Dated:**   July 20, 2010                          /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE